IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

ALICE M. McCANS,

      Plaintiff,

v.                                                No. CIV 07-606 BB/LCS

CITY OF TRUTH OR CONSEQUENCES,
SIERRA COUNTY REGIONAL DISPATCH
AUTHORITY, RUSS PETERSON, and ELOY
MARTINEZ,

      Defendants.

MEMORANDUM OPINION
AND
ORDER AFFIRMING MAGISTRATE'S DECISION
TO STRIKE PLEADING

        THIS MATTER is before the Court on *Plaintiff's Objection to the United States Magistrate Judge's Order Entered on 17 December 2007* (doc. 75).  Having reviewed the Magistrate's Order and Plaintiff's Objections thereto, this Court Affirms the Order of the Magistrate Court.

*Discussion*

        Based on a review of the record, it appears Plaintiff and Defendants have been engaged in a war of attrition on discovery minutiae.  Symbolic of this dispute is the inability of counsel to agree to deposition schedule; each counsel insisting their client be deposed only after the opponent's deposition.  Having been deeply immersed in attempting to move counsel toward the goal of just resolution of this matter, Magistrate Judge Leslie Smith entered an order (doc. 74) disposing of Defendants' Motion to Strike, Defendants' Motion for Entry of an Order

Directing that Depositions Occur in Specific Sequence and for Enlargement of All Pretrial Deadlines, and Plaintiff's Motion for Extension of Time to Accept "Notice" as Timely.

Judge Smith's previous November 27 order (doc. 65) allowed Plaintiff until 5:00 PM on December 7, 2007, to select (1) to be deposed before the two Defendants or (2) to depose Defendants first, on certain conditions. The Magistrate Judge specified in his November order that if Plaintiff failed to file notice of Defendants' depositions before December 7 at 5:00 PM, she would be deemed to have elected to be deposed first. Plaintiff in fact did not file the required timely notice; instead, she filed an untimely notice on December 10, 2007. Consistent with his earlier order, Judge Smith found Plaintiff's failure to file a timely notice was an election to be deposed first. Judge Smith rejected Plaintiff's excuse that Plaintiff's failure to timely comply with the Court's earlier election order was excused by a miscommunication of legal staff at the office of Plaintiff's counsel, specifically finding this was not "excusable neglect." Judge Smith thus ordered Plaintiff's untimely notice of deposition to be stricken.

Plaintiff appeals Judge Smith's Order on two grounds: (1) Judge Smith's November Order allowed Plaintiff only ten calendar and eight business days in violation of Federal Rule of Civil Procedure 6(a), and (2) an order to strike removes all evidence of Plaintiff's notice and impairs Plaintiff's right to appeal.

### *Federal Rule of Civil Procedure 6*

Plaintiff's argument on Rule 6 misses the mark. Initially, the time set in Judge Smith's November Order is not a computation of "any period of time prescribed or allowed by these rules." Fed. R. Civ. P. 6(a). Rather, it is a time specifically granted by the Court for Plaintiff to avail herself of a judicially created scheduling order on discovery. *See, e.g., O'Malley v.*

2

*Town of Egremont*, 453 F. Supp. 2d 240 (D. Mass. 2006) (Rule 6 does not apply to statutory time deadlines); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140 (D. Ky. 1997) (same). It has long been the law that timing for court created deadlines need not comply with Rule 6, but only Due Process. *Matter of Visioneering Const.*, 661 F.2d 119 (9th Cir. 1981); *United States v. Fitch*, 472 F.2d 548 (9th Cir. 1973); *Green v. Wyrick*, 428 F. Supp. 732 (W.D. Mo. 1976).

Recognizing Rule 6 did not apply to "court orders," the Rule was recently amended to apply to such orders; they were added to the language effective December 1, 2007. The amendment adding court orders "shall govern in all proceedings thereafter commenced and insofar as just and practicable, all proceedings then pending." Inasmuch as Judge Smith's Order granting Plaintiff the discovery option was entered November 27, 2007, the amendment to Rule 6 was not in effect. *See Lillie v. United States*, 40 F.3d 1105, 1109 (10th Cir. 1994) (analyzing magistrate's order by rule in effect at the time it was entered); *cf. United States for and on Behalf of Acoma & Laguna Indian Pueblos v. Bluewater-Toltec Irrigation Dist.*, 100 F.R.D. 687, 689 (D.N.M. 1983) (Baldock, J.) ("The date that the summons was issued, not the date it was actually served, controls in determining whether the old or new version of Rule 4 applies.").

### *Striking of Pleadings*

Plaintiff argues, "The granting of the defense's 'motion to strike' goes well beyond ruling on the request itself and in effect alters court records, obliterating the notice from the record of these proceedings." (Pl.'s Obj. p. 2). Plaintiff misapprehends the nature and effect of a Motion to Strike. Plaintiff's late notice of deposition was in direct contravention of Judge Smith's November 27 Order. It is within the court's discretion to strike unauthorized

3

pleadings. *United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 760 (7th Cir. 1999). Nor, as Plaintiff argues, does Judge Smith's Order striking Plaintiff's deposition notice effect her ability to appeal the order. Initially, it is noted Plaintiff is here appealing the order and this decision will be part of the record. Moreover, granting a motion to strike legally vitiates, but does not physically expunge, a filed pleading. *Dickason Goodman Lumber Co. v. Penn Mut. Life Ins. Co.*, 60 F.2d 225, 227 (10th Cir. 1932); 71 C.J.S *Pleading* § 753 (2007).


## ORDER

For the above stated reasons, Plaintiff's Objections (doc. 75) to Judge Smith's Order (doc. 74) are DENIED, and the Opinion and Order entered December 17, 2007, is AFFIRMED.


DATED this 3rd day of January, 2008.


BRUCE D. BLACK
United States District Judge

4